IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD LOUIS BUTLER, JR. (TDCJ No. 2123250), | § § § | |
| Petitioner, | § § § | |
| v. | § § | Civil Action No. **3:19-CV-2825-L** |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## ORDER

On February 26, 2020, United States Magistrate Judge David Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc.12), recommending that the court dismiss this action as time-barred under Rule 4 of the Rules Governing Section 2254 cases. Specifically, he determined that Petitioner Richard Louis Butler's ("Petitioner") Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. 3) should be denied, as it was filed more than one month after the one-year deadline for filing a federal habeas petition. Additionally, Magistrate Judge Horan determined that, despite Petitioner's assertions that his mental health disabilities should excuse his untimely Petition, he "failed to allege how his mental health interfered with his ability to file a federal writ in a timely manner by showing a 'causal connection between [any] mental illness and his failure to file timely federal habeas petition.'" Report 8 (quoting *Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam) (collecting cases)). Thus, he determined that equitable tolling did not apply. For these reasons, Magistrate Judge Horan determined that the Petition is untimely and recommends that the court dismiss with prejudice this action as time-barred.

Order – Page 1

On March 10, 2020, Petitioner filed his Objections (Doc. 14) to the Report. Specifically, he responds to Magistrate Judge Horan's determination that he failed to show a causal connection between his mental illness and his failure to timely file his Petition. In response, he asserts that at the time his Petition "was supposed to have been filed in the timely manner," he was on the wrong medication, which altered his behavior and caused him to be confined for 24 hours a day, with no access to legal resources that would assist him. Pet.'s Obj. 1. He asserts that this was the case at both his former and present facilities. Petitioner also contends that being on the wrong medication caused his wrongful conviction and the events leading up to the offense. He now contends, however, that he is on the proper medication, which allowed him to file his Petition.

The court finds Petitioner's Objections unavailing. While Petitioner provides documentation of his medications, nothing explains why his medications were changed, or how they affected his behavior during the one-year limitations period. Notably, the records indicate that he started his present psychiatric medication on May 18, 2019—over four months before the one-year deadline to file his Petition. *See* Pet.'s Obj. 5. Without more, the court determines that Petitioner again fails to demonstrate a causal connection between his mental health issues and his ability to timely file his Petition. The court, therefore, reasonably infers that Petitioner could have diligently pursued his habeas petition before the deadline to file expired. For these reasons, the court determines that equitable tolling does not apply and, thus, **overrules** Petitioner's Objections on this basis.

Petitioner also makes a passing assertion that he was wrongfully convicted. The court, however, does not consider this an assertion of actual innocence, as Petitioner previously acknowledged that he committed the underlying conduct of his offense but contends that he was under attack, and, thus, his actions did not constitute murder as charged. *See* Doc. 10. Even if

the court considers Petitioner's assertion as an actual innocence claim, he fails to present any "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *McQuiggin v. Perkins*, 569 U.S.C. 383, 401 (2013).  The court, therefore, determines that a claim for actual innocence is not at issue here and does not overcome the required statute of limitations for filing the federal habeas petition in this action.

Accordingly, having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them, as supplemented, as those of the court.  The court, therefore, **overrules** Petitioner's Objections (Doc. 14); **denies** as time-barred Petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Doc. 3); and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)      Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

> **(b)      Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the Report.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 31st day of May, 2020.


Sam A. Lindsay
United States District Judge